### GAMAGE v. LLEWELLYN.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

PLEADING (§ 312*)—EVIDENCE—WRITTEN INSTRUMENTS.

 The mere fact that one suing on a written instrument under seal, which called for payments on certain dates, a copy of which was attached to the complaint, referred to it in the complaint as a promissory note, did not justify its exclusion from evidence, since what it was called is immaterial.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 943, 948; Dec. Dig. § 312.*]

Appeal from City Court of New York, Trial Term.

Action by Harry C. Gamage against William H. Llewellyn. Judgment for defendant, and plaintiff appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Emile Schultze, of New York City (John R. Halsey, of New York City, of counsel), for appellant.

Simpson & Simpson, of New York City (Robert M. Simpson, of New York City, of counsel), for respondent.

SEABURY, J. The plaintiff sued upon a written instrument under seal, a copy of which was annexed to the complaint; wherein the defendant agreed to pay to the order of the plaintiff certain sums of money on specified dates as the purchase price of certain shares of stock. The plaintiff's cause of action was entirely predicated upon this written instrument. The plaintiff offered the instrument in evidence, and, upon the objection of the defendant, it was excluded, subject to the plaintiff's exception.

The reason for its exclusion seems to have been that it was de-

---

scribed in the complaint as a promissory note. The manner in which it was characterized in the complaint is immaterial. It was a written agreement, under the terms of which the plaintiff's cause of action arose. As such, it should have been received in evidence. The agreement itself contains all the elements necessary to constitute a promissory note. It follows that the instrument was improperly excluded, and that the court below erred in dismissing the complaint.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.